UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARMEN SELF-FORBES,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>ADVANCED　　CALL　　CENTER<br>TECHNOLOGIES, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:16-cv-01088-JCM-PAL<br><br>ORDER<br><br>(Mot Strike – ECF No. 16)<br>(Mot Reopen – ECF No. 23) |

Before the court is Plaintiff's Motion to Strike Defendant's Exhibits "1" and "2" in Support of its Motion for Summary Judgment and to Strike Defendant's Exhibit "2" in its Reply in Support of its Motion for Summary Judgment (ECF No. 16).  The court has considered the Motion, defendant's Response (ECF No. 18), plaintiff's Reply (ECF No. 20), and the arguments of counsel at a hearing held on February 14, 2017.  David Krieger and Rachel Saturn appeared on behalf of Plaintiff, and Bill Ebert appeared on behalf of Defendant.  Also before the court is Defendant Advanced Call Center Technologies, LLC's Motion to Reopen Discovery for a Limited Purpose (ECF No. 23).  The court has considered the Motion, Plaintiff's Opposition (ECF No. 24), and Defendant's Reply (ECF No. 26), which was filed two days after the hearing.  The court took both matters under submission indicating a written order would issue.

**BACKGROUND**

I.       **The Complaint**

The Complaint (ECF No. 1) in this case was filed May 16, 2016.  It asserts claims arising out of alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.  Plaintiff asserts the defendant knowingly, and or willfully placed automated calls to her cell phone without consent in violation of the TCPA.  Plaintiff claims that in the 4 years prior to

filing the complaint, she received over 100 calls from the defendant from a phone number specified in the complaint.  Complaint, ¶21.  Upon information and belief defendant employs an Automatic Telephone Dialing System ("ATDS") as defined by 47 U.S.C. § 227(a)(1).  *Id.* ¶22.  Defendant or its agent(s) contacted plaintiff on her cell phone via an ATDS in violation of 47 U.S.C. § 227(b)(1)(A).  *Id.* ¶23.  Plaintiff instructed defendant or its agent(s) not to call her cell phone ever again, revoking consent, if she ever provided consent, to be contacted via an ATDS.  *Id.* ¶24.

Plaintiff also alleges defendant negligently placed multiple automated calls to cellphone numbers belonging to her without her prior express consent in violation of the TCPA.  The complaint seeks injunctive relief prohibiting violations of the TCPA by defendant in the future; statutory damages of $500 for each and every call in violation of the TCPA as authorized by 47 U.S.C. § 227(b)(3)(B); treble damages of up to $1,500 for each and every call in violation of the TCPA as authorized by statute; attorney's fees and costs; and such other relief the court deems just and appropriate.

## II. Procedural History

Plaintiff filed her Complaint (ECF No. 1) May 16, 2016.  Defendant Advanced Call Center Technologies, LLC ("ACT") filed its Answer (ECF No. 4) June 28, 2016.  The parties submitted a proposed Discovery Plan and Scheduling Order (ECF No. 6) which the court entered as its Scheduling Order (ECF No. 7) on July 21, 2016.  The discovery plan and scheduling order established a December 26, 2016 discovery cutoff, and January 24, 2017 deadline for filing dispositive motions.  ACT filed its first Motion for Summary Judgment (ECF No. 9) on October 6, 2016.  Plaintiff filed her Response (ECF No. 12) to the motion for summary judgment on October 31, 2016, and ACT filed its Reply (ECF No. 14) on November 17, 2016.  The court granted the parties' Stipulation (ECF No. 13) to extend the deadline to disclose rebuttal expert witnesses in an Order (ECF No. 15) entered November 18, 2016.  The stipulation and order extended the deadline for defendant to disclose a rebuttal expert until December 9, 2016.  No other extensions of the discovery plan and scheduling order deadlines were requested.

Plaintiff filed a motion to strike and a motion for summary judgment on December 27, 2016, the day after the deadline for completing discovery.

### III.     Motion to Strike

In plaintiff's motion to strike, she seeks to strike Exhibits 1 and 2 which ACT submitted in support of its October 6, 2016 Motion for Summary Judgment (ECF No. 9).  Exhibit 1 is an unauthenticated account record purportedly maintained by QVC or Synchrony Bank.  Exhibit 2 is an unauthenticated card member agreement purportedly created by QVC or Synchrony Bank. Counsel for plaintiff took the deposition of Defendant's Rule 30(b)(6) designee, Marc Keller, on November 11, 2015.  At his deposition, Mr. Keller admitted these two exhibits were not generated or created by ACT and were merely provided to ACT by third parties.  Mr. Keller had no personal knowledge about the truthfulness of the information contained in these exhibits, or how the information was obtained.  As of the date the motion to strike was filed, ACT had not provided any testimony authenticating the two exhibits by affidavit from the Custodian of Records or any other form of testimonial evidence indicating the exhibits were prepared by a person with knowledge of the information.  Plaintiff asserts ACT has failed to present any evidence to indicate the documents are trustworthy or qualify as business records under Fed. R. Evid. 803(b).

Additionally, plaintiff seeks an order striking Exhibit 2 from defendant's Reply (ECF No. 14) to its motion for summary judgment on the grounds the exhibit consists of a self-serving declaration made by an employee of defendant.  Plaintiff argues the declaration was deliberately omitted from defendant's motion for summary judgment to deprive her of an opportunity to oppose the allegations made in the declaration.  The declaration is therefore "withheld and new evidence" not included in the original motion for summary judgment which should be stricken, along with any argument relating to it.

Citing *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) Plaintiff argues that authentication is a condition precedent to admissibility.  The proponent has the burden of establishing that a document is what it purports to be.  *Id.*  Unauthenticated documents may not be considered in a motion for summary judgment.  Although Fed. R. Evid. 803(6) permits authentication of business records by live testimony or self-authentication under Fed. R. Evid. 902(11), neither form of authentication is present here.  Fed. R. Evid 902(11) outlines what a custodian or other qualified witness must aver in submitting a declaration to qualify as business

records.  In this case, the defendant failed to provide a declaration from either a custodian or other qualified witness to authenticate the exhibits at issue which were submitted in connection with the summary judgment motion.  The documents are therefore inadmissible, and may not be relied upon in deciding the motion for summary judgment.

There is no evidence from the custodian of records from either QVC or Synchrony Bank that the documents were kept in the regular course of business, or other testimony regarding the policies and procedures used to input customer information into the computer database generating the documents.  Without declarations or testimony from these non-parties, the records are not properly authenticated or admissible under the business records exception to the hearsay rule and should therefore be stricken.  Exhibit 1 to the motion for summary judgment is allegedly a computer screenshot from QVC regarding information purportedly input into QVC's database by one or more of its employees.  There is no competent admissible evidence about the computer hardware or software to show that what is presented is accurate.  Defendant has also not provided any evidence regarding who input the information, when it was input, whether it was changed or modified, and how the information was obtained.  Exhibit 1 therefore has no indicia of trustworthiness, has not been properly authenticated and should be deemed inadmissible.  Exhibit 2 is also not a business record of the defendant.  Exhibit 1 purports to be a QVC credit card agreement.  At his deposition, Mr. Keller acknowledged that he did not know who created the document, that it was an assumption on his part who created it, and that he did not know how the document was stored before it came into ACT's possession.  He admitted that he did not know anything about how the document was created at all.

Plaintiff argues that the court should strike the declaration attached as Exhibit 2 to defendant's reply in support of its motion for summary judgment on several grounds.  First, the declaration should have been proffered with the motion for summary judgment because all of the information contained in the declaration was available to ACT when it filed the motion for summary judgment.  Defendant should be precluded from offering new evidence or arguments in a reply not raised in the original motion.  Allowing ACT to submit the declaration in a reply would deprive plaintiff of a fair opportunity to respond to the allegations contained in it.  Second, ACT

should be precluded from introducing evidence withheld in its initial disclosures that was available to it at the time the motion for summary judgment was filed.  Plaintiff emphasizes that ACT did not even disclose the person who prepared the declaration, Pat Connelly, the Director of Application Development for ACT as a witness, until November 18, 2016.  Connelly was disclosed in a second supplement to initial disclosures long after the motion for summary judgment was filed.

### IV.    Defendant's Response

ACT opposes the motion arguing the motion to strike should be denied because plaintiff unreasonably delayed objecting to the exhibits.  Citing *Rodriguez v. Vill. Green Realty Inc.*, 788 F.3d 31, 46 (2nd Cir. 2015), plaintiff argues Rule 56 does not require that parties authenticate documents where the non-offering party does not challenge the authenticity of the documents. Plaintiff deposed ACT's rule 30(b)(6) designee 46 days before the close of discovery, before briefing on the summary judgment motion was closed.  She could have and should have filed her motion to strike, or requested leave to supplement her opposition to the motion for summary judgment, or served some other form of objection during this time period.  Instead, she waited until the close of discovery, more than a month after ACT filed its reply brief, to place ACT on notice that she challenged the authenticity of the exhibits.

ACT also argues the motion to strike Exhibits 1 and 2 to the motion for summary judgment should be denied because the exhibits will be deemed admissible at trial.  The exhibits at issue in this case will be deemed admissible at trial because the account application and terms and conditions fall within the business records exception of Fed. R. Evid. 803(6)(D).  The witness authenticating the documents does not need to be a custodian of records. The rule provides that another qualified witness may qualify the documents as business records.  The Rules of Evidence interpret who an "another qualified witness" is broadly to require only that the witness understand the record-keeping system at issue.  Mr. Keller offered extensive deposition testimony regarding Synchrony's account application and delinquent account placement process.  Thus, although he is not an employee of Synchrony, he is a qualified witness to establish the Rule 803(6) foundational

1  requirements have been met for admissibility of Exhibits 1 and 2 to the motion for summary
2  judgment.

3        Additionally, ACT argues that even if the exhibits do not qualify as business records under
4  Rule 803, they are subject to the "residual exception" of Rule 807 as hearsay admissible because
5  it is trustworthy, offered as evidence of a material fact, more probative on the point for which it is
6  offered than other evidence, and serves the purpose of the rules and interests of justice.  Here,
7  plaintiff admitted that she opened a QVC credit card account in 2011 to 2012, gave the
8  representative her name and address, received a credit card in the mail, and a separate envelope
9  with terms and conditions.  Mr. Keller offered uncontradicted testimony on the standard operating
10 procedures of both Synchrony Bank and ACT, including the acquisition and transfer of cardholder
11 information.  The documents are evidence of a material fact that plaintiff consented to receive calls
12 on her cell phone.  The existence and authenticity of the account application and terms and
13 conditions are implicit in Plaintiff's initial pleading and should be deemed admissible in light of
14 her failure to timely object.  The documents are more probative on the points for which they are
15 offered than any evidence ACT can obtain through reasonable efforts and admitting the documents
16 will best serve the interests of justice.  Plaintiff's only objections are based on "a purported
17 procedural defect: lack of proper authentication."

18        ACT also opposes plaintiff's motion to strike the declaration attached to its reply brief
19 arguing the declaration serves only to rebut contentions raised by plaintiff in her opposition.
20 Plaintiff's opposition to the motion for summary judgment asserts that Plaintiff never gave consent
21 and/or revoked consent.  She also testified she received calls from ACT in the form of a recorded
22 voice which would then connect her to a human voice.  After her opposition was filed, plaintiff
23 testified about "robotic calls" at her deposition.  ACT's reply brief points out that her testimony
24 and assertions in opposition to the motion for summary judgment are factually impossible because
25 ACT's dialer platform does not offer prompting cues or "hit key" actions as plaintiff described.
26 Thus, it was necessary and permissible for ACT to attach a declaration regarding the capabilities
27 of its dialer system to rebut plaintiff's accusations.  ACT argues that it disclosed Pat Connelly in
28 a supplemental disclosure statement the day after it filed its reply brief, and 38 days before the

close of discovery.  Plaintiff did not object to the disclosure, file a timely motion to strike, or notice Mr. Connelly's deposition.  In a December 14, 2016 email, the parties discussed stipulating to extend discovery, but Plaintiff's counsel advised ACT's counsel that he was uncertain of any additional discovery that was needed.  ACT's counsel followed up in an email on December 20, 2016, but counsel for plaintiff did not request any additional discovery.

Finally, ACT argues that if the court finds the exhibits are likely inadmissible at trial in the absence of authentication by a custodian of records, it should be given an opportunity to supplement both its Rule 26(a) disclosures and its summary judgment motion.  ACT argues that untimely disclosure would not prejudice plaintiff, especially because of her counsel's representation he intended to conduct no further discovery.

**V.      Plaintiff's Reply**

Plaintiff replies that the motion to strike was timely filed.  Plaintiff gave ACT the benefit of the doubt that it would be able to authenticate the documents and obtain declarations from the appropriate custodian of records for QVC.  Plaintiff did not file the motion to strike earlier because she did not want to burden the court with needless motion practice until it was abundantly clear that ACT would fail to tie its discovered deficiencies together.  Additionally, ACT was aware of counsel for Plaintiff's numerous objections to the inadmissible evidence presented in the motion for summary judgment in early-November 2016 because in two separate depositions, plaintiff's counsel objected to the exhibits on multiple occasions.  Plaintiff's counsel objected to both Exhibits 1 and 2 during plaintiff's deposition on November 10, 2016, and during the deposition of Mr. Keller on November 11, 2016.  After Mr. Keller's deposition, it was obvious that further proof was necessary to properly authenticate Exhibits 1 and 2 attached to defendant's motion for summary judgment.

Mr. Keller testified Exhibit 1 was not generated by ACT, that ACT had no participation in determining the veracity of the information contained in the document, and that the information contained in the document could not be authenticated as truthful by ACT.  Similarly, Mr. Keller could not authenticate Exhibit 2 because he testified the agreement was not generated by ACT, and ACT did not receive it until after the lawsuit was filed.  Mr. Keller did not know who created

the document, how the document was stored before it came into ACT's possession, or anything at all about how the document was created.

The reply reiterates arguments that the trial court may only consider admissible evidence in ruling on a motion for summary judgment.  Under Fed. R. Evid. 602, witnesses are generally limited to testifying about matters of which they have personal knowledge.  ACT failed to establish that the exhibits are business records or authentic.  Plaintiff also disputes that the documents are admissible under the "residual" hearsay exception of Fed. R. Evid. 807.  Citing *United States v. Bonds*, 608 F.3d 495, 501 (9th Cir. 2010), plaintiff argues that the Ninth Circuit only applies the residual hearsay exception in "exceptional circumstances."  Here, ACT's proffer contains insufficient indicia of authenticity because there is no person to attest to the authenticity of the records.  For the documents at issue to be admissible at trial, there must be a declaration from a custodian of record of the company that generated the document establishing that they are business records and authentic.  ACT has failed to produce any such declarations or affidavits, and the exhibits should therefore be stricken.

The reply also reiterates arguments that the declaration should be stricken because it was submitted with the reply, and should have been submitted with the motion for summary judgment. Filing it with the reply deprived plaintiff of an opportunity to respond to it.  Finally, plaintiff argues that she will be prejudiced if the motion to strike is denied because the exhibits are not admissible under Rule 807, ACT has not provided a scintilla of evidence to properly authenticate them, and the discovery cutoff has long passed.

**VI.    ACT's Motion to Reopen Discovery (ECF No. 23)**

ACT filed a motion to reopen discovery for the limited purpose of allowing it to add a Rule 30(b)(6) witness to its Rule 26 disclosures.  The motion was filed on February 6, 2017, nearly 3 weeks after plaintiff filed her reply to ACT's response to plaintiff's motion to strike.  ACT acknowledges that a discovery schedule may be modified only for good cause, and that applications to extend any deadlines set by the discovery plan must be filed more than 21 days before the expiration of the deadline pursuant to LR 26-4.  ACT also acknowledges that the Local Rule provides that a request made after the expiration of the deadline shall not be granted unless

the movant demonstrates that the failure to act was the result of excusable neglect.  The motion argues that good cause for modifying the scheduling order exists because plaintiff did not raise her objections to ACT's exhibits until the close of discovery, and after briefing on ACT's motion for summary judgment was completed.  Additionally, the deficiencies alleged in Plaintiff's motion to strike, if taken as true, will be remedied by allowing ACT to name a Rule 30(b)(6) witness from Synchrony Bank to authenticate the disputed records.  This will allow the parties to litigate the case on the merits rather than on procedural deficiencies and delay tactics.

ACT also argues it can establish excusable neglect justifying reopening of discovery. Citing *Lemoge v. United States*, 587 Fed. 3d 1188, 1195 (9th Cir. 2009), plaintiff argues that excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence.  The court considers four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

In this case, discovery closed December 26, 2016.  ACT had disclosed all the documents it intended to use at trial.  However, the day after discovery closed, plaintiff filed a motion to strike several exhibits asserting they were unauthenticated and likely inadmissible at trial.  Because plaintiff delayed in filing the motion to strike until after the close of discovery, it was not possible for ACT to timely add a Rule 30(b)(6) witness to is Rule 26 disclosures.  ACT had no reasons to suspect that plaintiff would object to the exhibits as briefing on the summary judgment motion was completed 41 days before the close of discovery with no objections raised.  ACT argues that Plaintiff will not be prejudiced by allowing it to add a witness to its disclosure statement.  ACT is willing to produce the witness for deposition, the parties have not yet submitted their joint pretrial order, or received a trial date.  The court should therefore grant the request to reopen discovery for the limited purpose of allowing ACT to add a Rule 30(b)(6) witness to its Rule 26 disclosures.

**VII.    Plaintiff's Opposition to Motion to Reopen**

Plaintiff opposes the motion stating it is "preposterous, improper, and borderline frivolous."  Plaintiff finds it shocking that ACT did nothing for weeks and even months to take

9

any steps to remedy blatantly obvious defects in the evidence, and took no efforts to cure the deficiency in its untrustworthy and inadmissible documents "until well after the entirety of this matter closed." ACT failed to cure the deficiency even after plaintiff's counsel put ACT on notice of the defects during the depositions of the plaintiff and ACT's Rule 30(b)(6) designee. ACT has still not disclosed to the court or the plaintiff who this "mystery witness" is going to be. The motion to reopen does not address the need for a witness from QVC to authenticate Exhibit 1 which is allegedly a computer screenshot generated by QVC and not Synchrony Bank.

Plaintiff argues that ACT could have remedied the deficiencies in December 2016, or January 2017, in its response to the motion to strike, but again failed to proffer curative declarations for the inadmissible exhibits. Additionally, ACT filed a response to plaintiff's motion for summary judgment on January 17, 2017, and again failed to obtain and include the necessary documents for authentication. The court's discovery plan and scheduling order established a December 26, 2016 deadline for completing discovery. Therefore, ACT's assertion that it believed it had timely disclosed all relevant witnesses and documents is "preposterous and disingenuous." Under these circumstances, there is neither good cause nor excusable neglect for its failure to cure the defects in its evidence earlier than its February 6, 2017 motion to reopen. Finally, plaintiff argues she is ready for trial and will suffer prejudice if the case is delayed. The court should therefore deny the motion to reopen.

## VIII.   ACT's Reply

ACT replies that plaintiff's motion to strike was filed the day after the discovery cutoff. In it, plaintiff challenged the ability of ACT's Rule 30(b)(6) witness to authenticate 2 key documents: (1) plaintiff's credit card account application; and (2) the terms and conditions attached to that account. The reply represents that both documents were created by Synchrony Bank, the financial institution that backed plaintiff's QCV credit card account, which ACT produced during the course of litigation. In an abundance of caution, ACT request that the court reopen discovery for the limited purpose of adding a Rule 30(b)(6) witness from Synchrony Bank to its Rule 26 disclosures.

/ / /

/ / /

1

## DISCUSSION

2     **I.**     **Applicable Legal Standards**

3         **A.  Fed. R. Civ. P. 56**

4         Rule 56(a) authorizes a court to grant summary judgment "if the movant shows that there

5 is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

6 law."  Rule 56(c)(1)(A) through (B) outline how a party moving for summary judgment may

7 establish that a fact is not genuinely disputed.  A summary judgment motion may be supported by

8 "materials in the record, including depositions, documents, electronically stored information,

9 affidavits or declarations, stipulations (including those made for purposes of the motion only),

10 admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).  Alternatively,

11 a motion for summary judgment may be supported by a "showing that the materials cited do not

12 establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

13 admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

14         Rule 56(c)(2) allows a party to object that material cited in support of a disputed fact

15 "cannot be presented in a form that would be admissible in evidence."

16         Rule 56(d) gives the court discretion to address a motion for summary judgment where a

17 non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present

18 facts essential to justify its opposition."  If the non-moving party meets its burden of establishing

19 by affidavit or declaration it cannot present facts essential to justify its opposition, the court may:

20 "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or

21 to take discovery; or (3) issue any other appropriate order.  Fed. R. Civ. P. 56(d)(1) - (3).

22         Rule 56(e) addresses the consequences of a party's failure to properly support an assertion

23 of fact, or failure to address another party's assertion of fact.  It gives the court the discretion to

24 "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed

25 for purposes of the motion; (3) grant summary judgment of the motion and supporting materials—

26 including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any

27 other appropriate order." Fed. R. Civ. P. 56(e)(1) - (4).

28

1

**II.      Analysis**

2          Here, ACT filed a short Motion for Summary Judgment (ECF No. 9) October 6, 2016,

3   before the parties had responded to written discovery or taken any depositions.  ACT's motion for

4   summary judgment argues that 2 facts are undisputed.  First, that on or around January 3, 2013,

5   GE assigned plaintiff's account to defendants.  Motion for Summary Judgment (ECF No. 9).

6   Second, ACT claims that between January 3, 2013, and April 26, 2013, defendant placed numerous

7   calls to plaintiff's cellular phone number.  *Id*.  The motion for summary judgment asserts that

8   plaintiff provided express consent to receive calls on her cellular phone in connection with her

9   credit card account.  *Id.*  Specifically, it argues plaintiff provided her cellular phone number to GE

10   as part of her credit card account application.  *Id.* Exhibit 1 was attached to the motion for summary

11   judgment and purports to be the application in which plaintiff provided express consent.  *Id.* ACT

12   also argues in its motion for summary judgment that plaintiff consented to GE or "other proper

13   parties" using her cellular phone number.  *Id.* It supported this argument with Exhibit 2, a

14   document titled "GE Money Bank QVC Credit Card Account."  *Id.*  Finally, it argued ACT's

15   account activity logs refute plaintiff's self-serving complaint allegations that she revoked consent

16   to be contacted. Because the TCPA provides an exception for autodialed and prerecorded message

17   calls made with the express consent of the called party ACT argues it is entitled to summary

18   judgment as a matter of law.

19          The motion for summary judgment was supported by the declaration of Marc Keller who

20   averred that he has been the Chief Compliance Officer for ACT since January of 2011.  Keller

21   Declaration, Exhibit 3, ¶¶ 1, 2.  The declaration was made on his own personal knowledge except

22   where stated on information and belief.  *Id.* ¶3.  On January 3, 2013, Synchrony Bank, f/k/a GE

23   Money Bank, placed Karen Self-Forbes' credit card account ending in 1993 with ACT for

24   collection of the unpaid balance.  *Id.* ¶4.  Between January 3, 2013, and April 26, 2013, ACT

25   placed approximately 530 to plaintiff's cellular phone number ending in 8951.  *Id.* ¶5.  None of

26   the 530 calls resulted in verbal communication or any other type of communication with plaintiff,

27   her representatives, or her attorneys.  *Id.* ¶6.  ACT had no communication with plaintiff, her

28

representative, or her attorneys until service of plaintiff's complaint. *Id.* The declaration was provided under penalty of perjury under the laws of the State of Nevada. *Id.* ¶8.

Plaintiff's Response to the Motion for Summary Judgment (ECF No. 12) argues that the motion was filed "woefully prematurely and wholly lacking in meritorious arguments" as plaintiff had not yet responded to written discovery and no depositions had been taken. The opposition claims that there are numerous genuine issues of material fact, one of which is whether plaintiff revoked consent for permission to place auto-dial calls to her cellphone. Plaintiff's declaration is attached as an exhibit to plaintiff's opposition to ACT's motion for summary judgment. In it, she avers that she revoked consent to receive calls via an auto dialer system, and that she requested that ACT stop calling her. Forbes Declaration, ¶¶3, 5, 6. The opposition to the motion for summary judgment argues that Mr. Keller's affidavit was insufficient. Specifically, plaintiff challenged Mr. Keller's averment that plaintiff never answered any of its more than 500 calls as conclusory, self-serving, and lacking detailed facts and any supporting evidence. Plaintiff's opposition to the motion for summary judgment argues that her declaration stands in stark contrast with this representation. Plaintiff also argues that the Keller declaration was insufficient to support summary judgment because defendant's call logs were cryptic and unreliable. She requested that the court deny defendant's motion because the court had "nothing more than competing factual assertions, which raise a clear issue of material fact and must be construed in favor of the plaintiff."

This motion to strike was automatically referred to the undersigned by operation of the court's automatic CM/ECF default referral system. However, it is an example of how automatic referrals sometime place the assigned magistrate judge in an awkward position. It involves a request to strike exhibits to a motion the district judge will decide. Deciding the motion to strike also requires this court to review the motion for summary judgement, the opposition to the motion for summary judgment and the reply. In deciding the motion to strike the court does not presume to opine how the merits of the motion for summary judgement should be decided.

The evidentiary standards for summary judgment motions are articulated in *Orr v. Bank of America,* 285 F 3d. 764 (9th Cir. 2002). In *Orr* the court of appeals reaffirmed that a trial court may only consider admissible evidence in ruling on a motion for summary judgment, and that

authentication is "a condition precedent to admissibility." *Id*. at 773 ("We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment."). *Id*. Documents authenticated through personal knowledge must be attached to an affidavit that meets the requirements of Rule 56(e). *Id* at 773-74 (internal citations and quotations omitted).  The affiant must be a person through whom the exhibits could be admitted in evidence. *Id* at 774.  A proper foundation may also be established in any manner permitted by Fed. R. Evid. 901(b) or 902. *Id.* The Keller declaration does not address Exhibits 1 or 2 or purport to authenticate them.  The court finds the motion for summary judgement does not authenticate Exhibits 1 and 2 by any of the means outlined in Fed. R. Evid. 901(b), or establish that the documents are self-authenticating under Rule 902. ACT's motion for summary judgment did not lay a foundation for the admissibility of these documents, and as the *Orr* decision makes clear, even though the documents was produced in discovery, "it matters not" whether the documents are hearsay, Id at 777.  ACT's citation to cases in other circuits holding Rule 56 does not require authentication where the non-offering party does not challenge authenticity is therefore unavailing.  *Orr* is the controlling precedent in this circuit.

On the other hand, plaintiff's opposition to the motion for summary judgment does not even mention Exhibits 1 and 2, let alone object that the exhibits should not be considered by the trial judge because they are inadmissible.  The opposition argues Keller's declaration is self-serving, lacks detailed facts and supporting evidence, and is insufficient to meet defendant's burden on summary judgment. It also argues plaintiff's own declaration stands in stark contrast to ACT's argument she failed to revoke her consent, and that the call logs are "cryptic and unreliable." Therefore, a disputed issue of material fact concerning whether plaintiff revoked consent precludes summary judgment.

Plaintiff filed the motion to strike Exhibits 1 and 2 and the declaration of Pat Connelly submitted with ACT's reply the day after the close of discovery, claiming she was giving ACT the benefit of the doubt that it would be able to authenticate the documents in discovery, but that when Mr. Keller was deposed it was clear he could not.  Plaintiff also claims she did not file the motion to strike earlier to avoid potentially unnecessary motion practice.  Filing the motion after the close

of discovery increased rather than reduced motion practice as it generated ACT's motion to reopen discovery to authenticate the exhibits.  However, *Orr* is controlling precedent.  The motion for summary judgment does not lay a foundation for the authenticity of these exhibits. The court will therefore grant the motion to strike exhibits 1 and 2.

With respect to the Connelly declaration ACT supplemented its initial disclosures identifying Connelly as a witness sufficiently in advance of the discovery cutoff to allow plaintiff to depose him about his declaration and any other discoverable information he had.  The declaration is offered to rebut plaintiff's deposition testimony, which was taken after the motion for summary judgment was filed, and complaint allegations, in which she described the types of collection calls she received.  Connelly's declaration describes ACT's dialer platform and its capabilities.  The court finds that the declaration was properly offered to rebut plaintiff's testimony, and plaintiff had an adequate opportunity to depose him to test his assertions.  The court will therefore deny the motion to strike the Connelly declaration.

Finally, the court will deny ACT's motion to reopen discovery to authenticate Exhibits 1 and 2 to the motion for summary judgment. The motion is untimely.  It was filed February 6, 2017 more than a month after the close of discovery and almost a month after plaintiff filed the motion to strike.  ACT maintains that the documents are admissible at trial through Mr. Keller, but seeks to reopen in an abundance of caution if the district judge disagrees.  ACT has not shown good cause to reopen or excusable neglect for failing to timely file the motion. Moreover, allowing discovery to be reopened for this purpose would result in the need to depose the Rule 30(b)(6) designee and would likely generate another round of motion practice.  The parties have had more than sufficient time to complete the modest amount of discovery needed to prepare this case for trial.

**IT IS ORDERED** that:

1.    Plaintiff's Motion to Strike (ECF No 16) is GRANTED with respect to Exhibits 1 and 2, and DENIED with respect to the Connelly declaration.

/ / /

/ / /

2.      Defendant's Motion to Reopen for Limited Purpose (ECF No.23) is DENIED.

DATED this 16th day of March, 2017.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

16