UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARMEN SELF-FORBES, | Case No. 2:16-CV-1088 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| ADVANCED CALL CENTER TECHNOLOGIES, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Advanced Call Center Technologies, LLC's motion for summary judgment.  (ECF No. 9).  Plaintiff Karmen Self-Forbes filed a response (ECF No. 12), to which defendant replied (ECF No. 14).

Also before the court is plaintiff's motion for summary judgment.  (ECF No. 17).  Defendant filed a response (ECF No. 19), to which plaintiff replied (ECF No. 22).

Also before the court is defendant's motion for reconsideration.  (ECF No. 29).  Plaintiff filed a response.  (ECF No. 30).

I.     **Facts**

The instant action involves alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").

In January 2012, plaintiff applied for a GE Money Bank QVC credit card account, which GE Money Bank d/b/a Synchrony Bank approved.  Thereafter, plaintiff allegedly defaulted on her credit card payments.  (ECF No. 9).  On January 3, 2013, GE Money Bank assigned plaintiff's account to defendant to attempt to collect the unpaid balance.  (ECF No. 9).  Between January 3

James C. Mahan
U.S. District Judge

and April 26, 2013, defendant placed 530 calls to plaintiff's cellular phone number.  (ECF Nos. 9, 17).

Plaintiff asserts that defendant knowingly, and or willfully, placed automated calls to her cell phone without her consent in violation of the TCPA.  (ECF No. 1).  According to the complaint, plaintiff received over 100 calls from defendant from the phone number (866)-445-6548 within four years prior to filing the underlying complaint.  (ECF No. 1 at 4).  Plaintiff alleges that defendant employs an Automatic Telephone Dialing System ("ATDS") as defined by 47 U.S.C. § 227(a)(1).  (ECF No. 1).  Plaintiff further alleges that defendant or its agent(s) contacted plaintiff on her cell phone via an ATDS in violation of 47 U.S.C. § 227(b)(1)(A).  (ECF No. 1).  Plaintiff asserts that she instructed defendant or its agent(s) not to call her cell phone, revoking consent.  (ECF No. 1).

On May 16, 2016, plaintiff filed the underlying complaint alleging two claims for relief: (1) negligent violations of the TCPA; and (2) knowing and/or willful violations of the TCPA. (ECF No. 1).  Plaintiff seeks statutory damages of $500.00 and treble damages of up to $1,500.00 for each and every call violation.  (ECF No. 1).

On December 27, 2016, plaintiff moved to strike exhibits 1 and 2 to defendant's motion for summary judgment (ECF No. 9) and exhibit 1 to defendant's reply in support of its motion for summary judgment (ECF No. 14).  (ECF No. 16).  Exhibit 1 is the QVC account record of plaintiff's credit card application (the "application"), and exhibit 2 is a copy of the QVC card member agreement (the "agreement").  (ECF No. 9, exhs. 1, 2).  On February 6, 2017, defendant moved to reopen discovery for the limited purpose of authenticating exhibits 1 and 2 to its motion for summary judgment.  (ECF No. 23).

On March 16, 2017, the magistrate judge granted in part plaintiff's motion to strike as to exhibits 1 and 2 to defendant's motion for summary judgment.  (ECF No. 28).  Finding that "*Orr* [*v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002)] is the controlling precedent in this circuit[,]" the magistrate judge struck exhibits 1 and 2, concluding that defendant's motion for summary judgment failed to lay a foundation for the authenticity of these exhibits.  (ECF No. 28). In that same order, the magistrate judge denied defendant's motion to reopen discovery as untimely

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    and found that defendant failed to show good cause or excusable neglect for failure to timely file

2    the motion.  (ECF No. 28 at 15).

3         In the instant motions, defendant moves for summary judgment in its favor and for

4    reconsideration of the magistrate judge's March 16th order (ECF Nos. 9, 29), and plaintiff moves

5    for summary judgment in her favor (ECF No. 17).  The court will address each as it sees fit.

6    **II.    Legal Standard**

7         The Federal Rules of Civil Procedure allow summary judgment when the pleadings,

8    depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

9    show that "there is no genuine dispute as to any material fact and the movant is entitled to a

10   judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is

11   "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317,

12   323–24 (1986).

13        For purposes of summary judgment, disputed factual issues should be construed in favor

14   of the non-moving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be

15   entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts

16   showing that there is a genuine issue for trial."  *Id.*

17        In determining summary judgment, a court applies a burden-shifting analysis.  The moving

18   party must first satisfy its initial burden.  "When the party moving for summary judgment would

19   bear the burden of proof at trial, it must come forward with evidence which would entitle it to a

20   directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has

21   the initial burden of establishing the absence of a genuine issue of fact on each issue material to

22   its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)

23   (citations omitted).

24        By contrast, when the nonmoving party bears the burden of proving the claim or defense,

25   the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

26   element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed

27   to make a showing sufficient to establish an element essential to that party's case on which that

28   party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving

**James C. Mahan**
**U.S. District Judge**

party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

III.    **Discussion**

A.  **Motion for Reconsideration** (ECF No. 29)

"A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."  LR IB 3-1(a).  The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order, as well as remand with instructions.  LR IB 3-1(b).

James C. Mahan
U.S. District Judge

- 4 -

In the motion to strike, plaintiff asserts that the motion is brought pursuant to *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002), which provides that to preserve evidentiary objections, a party must either move to strike or otherwise lodge an objection with the court.  (ECF No. 16 at 3).  *Pfingston*, however, is distinguishable as it involved preserving a hearsay objection as to a summary judgment affidavit that was made pursuant to the pre-2010 amendment version of Rule 56(e).  284 F.3d at 1003.

The pre-2010 amendment version of Rule 56(e) stated that summary judgment affidavits "shall set forth such facts as would be admissible in evidence."  *See id.*; *cf.* Fed. R. Civ. P. 56(c)(4) (*eff.* Dec. 1, 2010) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").  Here, the pre-2010 amendment version of Rule 56 is inapplicable to the instant case.

Plaintiff also cites Rule 56(c)(2) for the basis of her motion to strike.  (ECF No. 16 at 3).  Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2); *see generally* Fed. R. Civ. P. 56(c)(4) committee note (2010 Amendment) ("There is no need to make a separate motion to strike.  If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.").  Plaintiff, however, does not argue that the information contained in the application and the agreement cannot be presented in an admissible form.  Rather, plaintiff contends that the exhibits in their current form are inadmissible because defendant failed to authenticate the exhibits and authentication is a condition precedent to admissibility.

Plaintiff focuses on the wrong point.  "At the summary judgment stage, we do not focus on the admissibility of the evidence's form.  We instead focus on the admissibility of its contents."  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  Plaintiff's contention is unavailing as it focuses on the admissibility of the evidence's form (*i.e.*, the application and the agreement) rather than the admissibility of its contents (*i.e.*, consent).

James C. Mahan
U.S. District Judge

- 5 -

Defendant cites to the application and agreement to support its assertion that plaintiff provided her cellular phone number to Synchrony as part of her application and consented to Synchrony and other parties using her number to review and collect on the account.  (ECF No. 9 at 5).  In its response to plaintiff's motion to strike, defendant asserts that it could provide the underlying evidence in admissible form at trial because the application (exhibit 1) and the agreement (exhibit 2) fall within the business record exception set forth in Federal Rule of Evidence ("FRE") 803(6), as well as the residual exception set forth in FRE 807.  (ECF No. 18).

FRE 803(6) provides an exception to the rule against hearsay for records of a regularly conducted activity.  FRE 803(6) provides as follows:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Defendant asserts that its witness Marc Keller, the person most knowledgeable on its behalf, is a "qualified witness" within the meaning of FRE 803(6)(D) and is therefore qualified to testify that the exhibits are business records under FRE 803(6).  (ECF No. 18).  In particular, defendant asserts that Keller offered extensive deposition testimony regarding Synchrony's account application and delinquent account placement process and attached the relevant portions of such testimony.  (ECF No. 18 at 4, exh. 1).

Plaintiff disputes that Keller is a qualified witness under FRE 803(6) and argues that Keller cannot authenticate the application because he did not participate in determining the veracity of the information contained therein.  (ECF No. 16 at 10–12).  Plaintiff further argues that the information in the agreement cannot be authenticated as truthful because defendant did not

1   generate the agreement and the agreement is not one of defendant's business records.  (ECF No.

2   16 at 10–12).  Plaintiff maintains that defendant failed to obtain declarations or any testimony from

3   QVC or Synchrony evidencing that the exhibits are what they purport to be.  (ECF No. 16).  The

4   court disagrees.

5        Plaintiff's argument is unconvincing as it assumes that only the testimony or certification

6   of a custodian of records from Synchrony can show that the records comply with FRE 803(6)'s

7   requirements.  However, "[a] witness does not have to be the custodian of documents offered into

8   evidence to establish Rule 803(6)'s foundational requirements."  *United States v. Childs*, 5 F.3d

9   1328, 1334 (9th Cir. 1993) (citing *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1991)).

10  "The phrase 'other qualified witness' is broadly interpreted to require only that the witness

11  understand the record-keeping system."  *Id.* (quoting *Ray*, 930 F.2d at 1370).  Plaintiff does not

12  dispute Keller's understanding of Synchrony's record-keeping system.  Nor does plaintiff show,

13  or set forth any facts to support, that circumstances indicating a lack of trustworthiness exist.

14       Plaintiff further contends that the application and the agreement must be stricken as

15  unreliable and inadmissible hearsay because defendant failed to properly authenticate these

16  exhibits.  (ECF No. 16).  Citing to *Orr*, plaintiff argues that authentication is a condition precedent

17  to admissibility and that unauthenticated documents may not be considered in a motion for

18  summary judgment.  (ECF No. 16).

19       "To satisfy the requirement of authenticating or identifying an item of evidence, the

20  proponent must produce evidence sufficient to support a finding that the item is what the proponent

21  claims it is."  Fed. R. Evid. 901(a).  "[A]n inquiry into authenticity concerns the genuineness of an

22  item of evidence, not its admissibility."  *Orr*, 285 F.3d at 776; *see also id.* at 784 n.7

23  ("Authentication is a special aspect of relevancy concerned with establishing the genuineness of

24  evidence." (citing Fed. R. Evid. 901(a) advisory committee's note)).

25       Defendant has provided deposition testimony of Keller, wherein Keller identified the

26  application and the agreement as what defendant claims they are.  Plaintiff does not question the

27  genuineness of the application or the agreement or the contents therein.  Nor does plaintiff show

28  that the source of information or the circumstances of preparation indicate a lack of

**James C. Mahan**
**U.S. District Judge**

- 7 -

1   trustworthiness.  Instead, plaintiff merely presumes without adequate support that circumstances

2   indicating a lack of trustworthiness exist and argues that defendant failed to prove that the exhibits

3   are trustworthy.

4          Further, as defendant points out, the legal arguments set forth in plaintiff's motion to strike

5   erroneously relied on cases predating the 2010 amendments to Rule 56.  (ECF No. 18).  The version

6   of Rule 56(c)(1) currently in effect provides that "[a] party asserting that a fact cannot be or is

7   genuinely disputed must support the assertion by" either:

> (A) citing to particular parts of materials in the record, including depositions,
> documents, electronically stored information, affidavits or declarations,
> stipulations (including those made for purposes of the motion only), admissions,
> interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a
> genuine dispute, or that an adverse party cannot produce admissible evidence to
> support the fact.

Fed. R. Civ. P. 56(c)(1).  Defendant has supported its assertion by citing to Keller's deposition

testimony, providing the application and the agreement, and showing that the evidence's content

may be admitted into evidence at trial.  Thus, because plaintiff has failed to show otherwise,

defendant has sufficiently met its burden so as to withstand plaintiff's motion to strike.

         In light of the foregoing, the court will grant defendant's motion for reconsideration and

will reverse the magistrate judge's order (ECF No. 28) to the extent that it struck exhibits 1 and 2

to defendant's motion for summary judgment.

**B.  Defendant's Motion for Summary Judgment** (ECF No. 9)

         Plaintiff asserts that between January 3 and April 26, 2013, defendant knowingly, and or

willfully, placed 530 automated calls to her cell phone without her consent in violation of the

TCPA.  (ECF Nos. 1, 12, 17).

         Defendant argues that summary judgment in its favor is proper because plaintiff gave prior

consent to being called.  (ECF No. 9).  In particular, defendant asserts that plaintiff provided her

cellular phone number to GE as part of her credit card application, wherein she consented to GE

or other proper parties using her number.  (ECF No. 9 at 4–5).  Defendant further contends that

plaintiff's assertion that she revoked consent is unsupported by evidence.  (ECF No. 9 at 5).

Defendant asserts that its account activity logs establish that defendant never made contact with

**James C. Mahan**
**U.S. District Judge**

- 8 -

1  plaintiff or any live person during any of its five hundred plus calls and that defendant received no

2  written or verbal communication from plaintiff prior to service of the complaint.  (ECF No. 9 at

3  5).

4       In response, plaintiff contends that defendant's motion is premature and baseless because

5  it relies solely on an affidavit devoid of detail.  (ECF No. 12).  Plaintiff asserts that around January

6  3, 2013, defendant began calling plaintiff's cell phone regarding the collection of an alleged debt

7  and that these calls continued over the next four months.  (ECF No. 12 at 2–3).  Plaintiff alleges

8  that she told defendant's representative that she wanted defendant to stop calling her number,

9  thereby revoking any previously obtained consent.  (ECF No. 12 at 3).

10      The TCPA prohibits any call using automatic telephone dialing system or an artificial or

11 prerecorded voice to a telephone without prior express consent by the person being called, unless

12 the call is for emergency purposes.  *See* 47 U.S.C. § 227(b)(l)(A)(iii); *Satterfield v. Simon &*

13 *Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The TCPA makes it unlawful "to make any

14 call" using an ATDS.").  "The purpose and history of the TCPA indicate that Congress was trying

15 to prohibit the use of ATDS to communicate with others by telephone in a manner that would be

16 an invasion of privacy."  *Satterfield*, 569 F.3d at 952.  The TCPA authorizes a court, in its

17 discretion, to treble the amount of statutory damages—increasing the penalties up to threefold—if

18 the court finds that the defendant "willfully or knowingly" violated the law.  *See* 47 U.S.C. §

19 227(b)(3).[1]

20  _____

21      [1]  Specifically, 47 U.S.C. § 227(b)(3) provides as follows:

22      (3) Private right of action. A person or entity may, if otherwise permitted by the
     laws or rules of court of a State, bring in an appropriate court of that State—

23          (A) an action based on a violation of this subsection or the regulations
            prescribed under this subsection to enjoin such violation,

24

25          (B) an action to recover for actual monetary loss from such a violation, or
            to receive $500 in damages for each such violation, whichever is greater, or

26          (C) both such actions.

27      If the court finds that the defendant willfully or knowingly violated this subsection
     or the regulations prescribed under this subsection, the court may, in its discretion,

28      increase the amount of the award to an amount equal to not more than 3 times the
     amount available under subparagraph (B) of this paragraph.

James C. Mahan
U.S. District Judge

1      The Ninth Circuit has set forth three elements for a TCPA violation: (1) the defendant

2  called a cellular telephone number; (2) using an automatic telephone dialing system or an artificial

3  or prerecorded voice; (3) without the recipient's prior express consent."  *See, e.g.*, *Meyer v.*

4  *Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); *Kristensen v. Credit*

5  *Payment Servs.*, 12 F. Supp. 3d 1292, 1300 (D. Nev. 2014).  "Express consent is '[c]onsent that is

6  clearly and unmistakably stated.'"  *Satterfield*, 569 F.3d at 955 (quoting Black's Law Dictionary

7  323 (8th ed.2004)) (alteration in original).

8      The parties do not dispute that defendant used an ATDS to call plaintiff's cellular phone

9  number.  Plaintiff does not dispute that she applied for a QVC credit card and agreed to the terms

10  and conditions of that credit card.  Rather, plaintiff argues that she later revoked consent.

11      "Express consent is not an element of a plaintiff's prima facie case but is an affirmative

12  defense for which the defendant bears the burden of proof."  *Van Patten v. Vertical Fitness Grp.,*

13  *LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017).  The TCPA does not explicitly grant consumers the

14  right to revoke their prior express consent.  *Id.* at 1047 (citing 47 U.S.C. § 227).  However, the

15  Ninth Circuit has held that consumers may revoke their prior express consent without temporal

16  limitations.  *Id.* at 1048.  "Revocation of consent must be clearly made and express a desire not to

17  be called or texted."  *Id.*

18      Defendant asserts that it received no written or verbal communication from plaintiff prior

19  to service of the complaint.  (ECF No. 9 at 5).  In support, defendant attaches an account activity

20  log to defendant's motion for summary judgment.  (ECF No. 9, exh. 4).  Defendant argues that the

21  activity logs establish that in the 500 plus calls it made through its ATDS to plaintiff's cellular

22  phone number, none resulted in direct contact with plaintiff.  (ECF No. 9, exh. 4).

23      In response, plaintiff asserts that the few times she did pick up defendant's calls, she

24  requested and spoke with a representative and told defendant stop calling her, thereby revoking

25  prior consent, if any.  (ECF No. 12 at 3).  In support, plaintiff attaches her affidavit attesting to that

26  effect.  (ECF No. 12, exh. 2).

27

28

_____

47 U.S.C. § 227(b)(3).

**James C. Mahan**
**U.S. District Judge**

- 10 -

However, plaintiff cannot avoid summary judgment by relying on conclusory allegations unsupported by factual data. *See Taylor*, 880 F.2d at 1045. Despite having the opportunity to review defendant's activity log and all the dates and times of the calls, plaintiff does not dispute the accuracy of the activity log. (ECF No. 12). Nor has plaintiff specified a particular date on which she spoke with defendant's representatives or the name of one of those representatives. Rather, plaintiff merely asserts that she spoke with a representative several times in January and revoked consent. While plaintiff provides her affidavit in support, the affidavit merely restates the allegations set forth in the complaint and does not set forth specific facts sufficient to raise a genuine issue for trial. *See Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) (explaining that a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact") (internal quotation marks and citation omitted).

In light of the foregoing, the court finds that defendant has met its initial burden of showing that plaintiff gave prior express consent. Plaintiff, however, has failed to meet her burden to establish the existence of a genuine dispute by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. Plaintiff's affidavit attesting that she spoke with a representative several times and revoked consent is merely colorable absent specific dates or names.

Accordingly, the court will grant defendant's motion for summary judgment.

**C.  Plaintiff's Motion for Summary Judgment** (ECF No. 17)

Because defendant's motion for summary judgment is granted, the court need not reach the merits of plaintiff's motion for summary judgment. Accordingly, plaintiff's motion for summary judgment will be denied as moot.

. . .

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

1

**IV.     Conclusion**

2          Accordingly,

3          IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for

4   summary judgment (ECF No. 9) be, and the same hereby is, GRANTED.

5          IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (ECF No. 17)

6   be, and the same hereby is, DENIED as moot.

7          IT IS FURTHER ORDERED that defendant's motion for reconsideration (ECF No. 29)

8   be, and the same hereby is, GRANTED.

9          IT IS FURTHER ORDERED that the magistrate judge's order (ECF No. 28) be, and the

10  same hereby is, AFFIRMED IN PART and REVERSED IN PART consistent with the following.

11      • Plaintiff's motion to strike (ECF No. 16) be, and the same hereby is, DENIED.

12      • Defendant's motion to reopen discovery (ECF No. 23) be, and the same hereby is,

13         DENIED as moot.

14  The clerk shall enter judgment accordingly and close the case.

15  DATED April 12, 2017.

16                                                   _____

17                                                   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge